In re Aleshia Francis HOLCOMB, also known as Aleshia Francis Taylor, also known as Aleshia Francis Murphy, and Bradley Allen Holcomb, Debtors.

Aleshia Francis Holcomb and Bradley Allen Holcomb, Appellants,

v.

John T. Hardeman, Trustee, Appellee.

BAP No. WO–07–084.
Bankruptcy No. 07–11331.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 7, 2008.

Submitted on the briefs: * Christopher A. Wood of Christopher A. Wood & Asso-

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

ciates, P.C., Oklahoma City, OK, for Appellants.

Before McFEELEY, Chief Judge, NUGENT, and McNIFF, Bankruptcy Judges.

## OPINION

McFEELEY, Chief Judge.

Appellants/Debtors, Aleshia Holcomb and Bradley Holcomb, appeal an order of the bankruptcy court of the Western District of Oklahoma contending that the bankruptcy court erred under 11 U.S.C. § 362(c)(3)(A)[1] when it concluded that the stay imposed on the filing of their case terminated with respect to the property of the estate on the thirtieth day after the initiation of their case. Because the language of § 362(c)(3)(A) terminates the stay only with respect to the debtor, we reverse and remand to the bankruptcy court.

### I. Background

On June 3, 2005, Debtors Bradley and Aleshia Holcomb ("Debtors") filed a proceeding under Chapter 13 of the Bankruptcy Code. Their plan was confirmed. The self-employed Debtors became unable to make their plan payments. On March 2, 2007, their case was dismissed for failure to make payments.

After the Debtors found new employment, on April 26, 2007, they again filed a petition under Chapter 13. The primary asset in the case is their home. On May 25, 2007, the Debtors filed a Motion to Determine the Automatic Stay Remains in Effect to Property of the Estate Pursuant to § 362(c)(4)(B) ("Motion"). In the Motion the Debtors asked the bankruptcy court to determine that the automatic stay

remained in effect with regard to the property of the estate or in the alternative to impose the automatic stay under 11 U.S.C. § 362(c)(4)(B). No objections were filed.

The bankruptcy court heard the Motion on June 26, 2007. The court orally denied the Motion on that date. The court held that the language in § 362(c)(3)(A) when read in conjunction with the statutory scheme and the concurrent requirement that a stay may be extended only upon motion of the debtor within the named thirty day period, indicated that Congress must have meant the stay to expire with regard to property of the debtor's estate, the debtor and any property of the debtor not included in the estate.

■ The Order denying the Motion was entered on July 9, 2007. On July 18, 2007, the Debtors timely filed their notice of appeal. The parties have consented to this Court's jurisdiction because they did not elect to have the appeal heard by the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 158(c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1. At issue in this appeal is the meaning of language in § 362(c)(3)(A). When there are no disputed issues of fact, and the basic issue is one of statutory interpretation, our review is de novo. *Rupp v. United Sec. Bank (In re Kunz),* 489 F.3d 1072, 1077 (10th Cir.2007).

### II. Discussion

■ Section § 362(c)(3)(A) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8 § 302, 119 Stat. 23 (2005). Under § 362(c)(3)(A), if a debtor has had a case pending within

1. Future statutory references will be to Chapter 11 of the United States Code unless otherwise noted.

the preceding one year period that was dismissed,

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

11 U.S.C. § 362(c)(3)(A). The debtor may obtain an extension of the stay if he can rebut the presumption that the subsequent case was not filed in good faith. The motion to extend the stay must be filed and a hearing must be held before the expiration of the thirty day period. 11 U.S.C. § 362(c)(3)(B). The thirty day period begins on the filing date of the later case. 11 U.S.C. § 362(c)(3)(A).[2]

At issue in this appeal is the language in § 362(c)(3)(A) that mandates that "the stay ... shall terminate with respect to the debtor." The Debtors argue that the bankruptcy court erred when it concluded that this phrase ends the stay with respect to the debtor, the debtor's property, and property of the estate on the thirtieth day after they filed their second bankruptcy petition. They contend that pursuant to this language, the stay terminates only with respect to any actions against the debtor.

On this issue, courts have taken two different approaches. A minority of courts have concluded that under § 362(c)(3)(A) the stay terminates in its entirety. These courts begin with the premise that the plain language rule does not apply because the language of § 362(c)(3)(A) is capable of more than one interpretation and is inconsistent with the overall statutory scheme. *See, e.g., In re Curry*, 362 B.R. 394, 400–01 (Bankr. N.D.Ill.2007). Using the "broader context of BAPCPA changes" and the legislative history, the minority approach concludes that in § 362(c)(3)(A) Congress intended to terminate the stay in its entirety. *Id.* at 398, 401–02.

The minority approach reasons that the term "with respect to the debtor" is an ambiguous phrase because it appears to run contrary to the statutory scheme. They reason that the term "property of the estate" incorporates virtually all property. Only property that is abandoned or exempt or otherwise is excluded from the definition "property of the estate." They state that if the phrase "with respect to the debtor" is read to refer only to the debtor and the debtor's property, then the rest of the sentence which reads "the stay ... with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate" does not make sense and the phrase is superfluous. These courts conclude that the phrase "with respect to the debtor," must be meant to address situations where there are co-debtors and one debtor has filed a successive case and the other has not.

Agreeing with the minority approach, the bankruptcy court concluded that the language of § 362(c)(3)(A), when read in conjunction with the statutory guidelines in that same paragraph regarding termination of the stay, indicates that the phrase within that subsection "with respect to the debtor" must mean the debtor, the debtor's property, and property of the estate.

In contrast, a majority of courts have relied on the plain language of the phrase "with respect to the debtor," concluding that there is no ambiguity in its application. *See, e.g., In re Jumpp*, 356 B.R. 789, 796 (1st Cir. BAP 2006) (concluding that

---

**2.** The Debtors filed their Motion one day prior to the expiration of the thirty day limit.

the stay continued with regard to property of the estate). According to these courts, the automatic stay terminates under § 362(c)(3)(A) only with respect to the debtor and the debtor's property but not as to property of the estate. *Id.; In re Paschal,* 337 B.R. 274, 278–79 (Bankr. E.D.N.C.2006); *In re Jones,* 339 B.R. 360, 364–65 (Bankr.E.D.N.C.2006). These courts reason that if Congress meant to terminate the stay in its entirety, it would have done so in plain language as it did in § 362(c)(4)(A)(i).[3]

The Court of Appeals for the Tenth Circuit has not yet addressed this issue. We find the majority approach better reasoned and more faithful to the language of the statute and the policies behind the Bankruptcy Code.

■ First, we see no ambiguity in the language of the statute. "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.,* 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985). Nowhere in § 362 does Congress use the phrase "with respect to the debtor" as incorporating the debtor, the debtor's separate property, and property of the estate. In fact, "[s]ection 362(a) differentiates between acts against the debtor, against property of the debtor and against property of the estate." *Jones,* 339 B.R. at 363. As observed in *Jones,* "a plain reading of those words ['with respect to the debtor'] makes sense and is entirely consistent with other provisions of § 362 and other sections of the Bankruptcy Code." *Id.*

Reading this statute according to its plain meaning is also consistent with the policies behind bankruptcy law. At the core of bankruptcy law is the policy of "obtaining a maximum and equitable distribution for creditors." *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 563, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994); *Research–Planning, Inc. v. Segal (In re First Capital Mortgage Loan Corp.),* 917 F.2d 424, 428 (10th Cir.1990) (noting that the preference provisions found in 11 U.S.C. § 547 further this important policy). The minority approach circumvents this policy by allowing a single creditor, who may be oversecured, full access to property that would otherwise be property of the estate. Such property may be necessary to implement a debtor's Chapter 13 plan; or, in a Chapter 7 case, equity in the property above the creditor's security interest could be realized by the trustee to pay a dividend to creditors. This dividend could potentially be lost if we adopt the reasoning of the bankruptcy court. Maintaining the stay with respect to such property is an important creditor protection.

On this basis, we conclude that the language of § 362(c)(3)(A) terminates the stay only as to the debtor and the debtor's property.

### III. Conclusion

For the reasons set forth above, the order of the bankruptcy court is reversed and the case is remanded for proceedings consistent with this Opinion.

---

3. That section reads:
   if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case[.]
11 U.S.C. § 362(c)(4)(A)(i).