**In re Miguel L. ALVAREZ, Debtor.**

**No. 10–01588–PB13.**

United States Bankruptcy Court, S.D. California.

May 11, 2010.

Brian Crozier Whitaker, Lifeline Legal, LLP, San Diego, CA, Thomas J. Prenovost, Prenovost, Normandin, Bergh and Dawe, Santa Ana, CA, for Debtor.

---

840

## ORDER ON MOTION FOR TURNOVER

PETER W. BOWIE, Chief Judge.

Debtor filed a Chapter 13 case in late 2009 that was quickly dismissed for debtor's failure to appear at the first meeting of creditors. Debtor filed his second Chapter 13 case on January 31, 2010. Approximately 38 days later, on March 11, 2010 the creditor repossessed debtor's vehicle. Debtor filed an emergency motion for turnover of the vehicle, and creditor filed its Ex Parte Motion for Order Confirming Termination of Stay.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (G).

No facts are in dispute. Resolution of the issue turns on the language of 11 U.S.C. § 362(c)(3)(A). That subsection provides in relevant part:

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, . . .—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case. . . .

Subparts (B) and (C) of § 362(c)(3) provide a mechanism through which a debtor can seek an extension of the stay, as well as standards that have to be met to prevail on such a motion. Debtor has not made a motion to extend the stay so subparts (B) and (C) are not at issue. The sole question is whether the phrase "shall terminate with respect to the debtor" also terminates the stay with respect to property of the estate, or whether it is limited to the debtor, only.

As we all know, 11 U.S.C. § 541(a) provides in relevant part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held.

(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.

Debtor's car is clearly property of the bankruptcy estate created upon the filing of the instant case. With respect to a case under Chapter 13, 11 U.S.C. § 1306(b) provides: "Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate."

Two schools of thought have emerged from the cases which have addressed the question. The minority view is that the language of § 362(c)(3) is ambiguous as to whether it also reaches property of the estate, as well as the debtor. Because of that ambiguity, those courts conclude they can look to legislative intent. They look to HR Rep. No. 31, 109th Cong., 1st Sess. (2005), U.S.Code Cong. & Admin.News 2005, p. 88 and invoke Congress' words:

"Discouraging Bad Faith Repeat Filings. Section 302 of the Act amends section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period."

See In re Curry, 362 B.R. 394, 401–02 (Bankr.N.D.Ill.2007).

Minority courts find further support in 11 U.S.C. § 362(j), which states:

(j) On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.

This "comfort order" provision would be of little utility in § 362(c)(3) circumstances if the stay was terminated only as to the debtor but not also property of the estate. It is almost always creditors with claims secured by real property or personal property who seek comfort orders, for assistance in obtaining title insurance, satisfying foreclosure trustees, or auctioneers.

More fundamentally, the minority courts observe, reading § 362(c)(3) to terminate the stay only as to the debtor largely eviscerates the provision. It would be a very rare instance when an individual debtor would need to seek an extension of the stay under § 362(c)(3)(B) because all of the property of the estate would continue to be protected without doing so. Under § 1306(b), the debtor would remain in possession of the property of the estate and would have full use and enjoyment of it, and would have no need for any broader stay in most cases. One of the few exceptions might be where a debtor is a defendant in litigation. If property of the estate was not involved, there would be no stay of the litigation after 30 days from filing the second case unless the debtor sought an extension.

Yet another argument suggesting that Congress intended the stay to terminate in its entirety after 30 days pursuant to § 362(c)(3) is the language of subpart (B). It provides:

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors ... only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; . . . .

If, as the majority argues, § 362(c)(3)(A) only terminates the stay as to the debtor, and the stay remains in effect as to all property of the estate, the stay extension mechanism of (B) could have been much more narrowly tailored than extending it "to any or all creditors".

It should also be noted that Congress, in the same part of the legislation aimed at serial filings, adopted § 362(c)(4), which provides that if there were two or more cases pending and dismissed in the preceding year "the stay under subsection (a) shall not go into effect upon the filing of the later case; . . . ." If the majority's view were adopted, the huge gap in remedy for frequent filing would range from termination of the stay after 30 days as against the debtor only, to no stay at all Particularly when one considers that termination of the stay as to a debtor-only in Chapter 13 is virtually no remedy at all, the majority view makes little sense in light of Congress' avowed purpose of discouraging repeat filings by terminating the stay after 30 days.

The majority view finds no ambiguity in § 362(c)(3). *In re Holcomb*, 380 B.R. 813 (10th Cir. BAP 2008); *In re Stanford*, 373 B.R. 890 (Bankr.E.D.Ark.2007); *In re Jumpp*, 356 B.R. 789 (1st Cir. BAP 2006). Judge Small summed up the majority view:

Section 362(c)(3)(A) as a whole is not free from ambiguity, but the words, "with respect to the debtor" in that section are entirely plain; a plain reading of those words makes sense and is entirely consistent with other provisions of § 362 and other sections of the Bankruptcy Code. Section 362(c)(3)(A) provides that the stay terminates "with respect to the debtor." How could that be any clearer?

Section 362(a) differentiates between acts against the debtor, against property of the debtor and acts against property of the estate. Section 362(a)(1) stays actions or proceedings "against the debtor;" § 362(a)(2) stays enforcement of a judgment "against the debtor or against property of the estate;" 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate;" § 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of the estate; § 362(a)(5) stays 'any act to create, perfect, or enforce against property of the debtor any lien' to the extent it secures a prepetition claim; and § 362(a)(6) stays any act to collect, assess, or recover a claim against the debtor...."

Section 362(c) also distinguishes between the stay of acts against property of the estate and the stay of any other acts. Section 362(c)(1) provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate," and § 362(c)(2) provides for the termination of the stay of "any other act" prohibited by § 362(a).

Section 521 of the Bankruptcy Code also distinguishes between property of the estate and property of the debtor. Section 521(a)(6) provides that the automatic stay is terminated "with respect to the personal property of the estate or of the debtor" if the debtor does not reaffirm or redeem property within 45 days after the first meeting of creditors. If Congress had intended that the automatic stay would terminate under § 362(c)(3)(A) as to property of the estate, it would have specifically said so, as it did in § 521(a)(6).

*In re Jones,* 339 B.R. 360, 363–64 (Bankr. E.D.N.C.2006).

Notwithstanding the strength of many of the points advanced by the minority view, this Court finds that Congress recognized the difference between the phrases "with respect to the debtor", "property of the debtor", and "property of the estate". In § 362(c)(3)(A) they chose to provide that the stay "shall terminate with respect to the debtor", not "against the debtor or against property of the estate" as they used the latter in § 361(a)(2). This court agrees with the majority of courts that have concluded that is the plain reading of § 362(c)(3)(A).

That analysis and conclusion does not end the inquiry, however. The Supreme Court has instructed: "The plain meaning of a statute should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters.' " *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). That Court has further indicated that a court may depart from the literal reading of the statutory language when the legislative history indicates the plain reading does not give effect to the legislative purpose. *See Malat v. Riddell,* 383 U.S. 569, 571–72, 86 S.Ct. 1030, 16 L.Ed.2d 102 (1966). The Ninth Circuit Court of Appeals has instructed that a court must look beyond the express language of a statute where a "literal interpretation would thwart the purpose of the over-all statutory scheme or lead to an absurd result." *In re Cervantes,* 219 F.3d 955, 960 (9th Cir.2000).

This Court believes the minority view makes stronger arguments for a reading that gives effect to the intent of Congress. If this Court were afforded the opportunity to choose which reading better serves the discernible intent of Congress in enacting § 362(c)(3)(A), this Court would choose

the minority view. But in the face of a plain language reading, with the rational arguments advanced by the majority, this Court is not free to simply choose sides. Instead, the Court must show that the majority reading thwarts "the purpose of the over-all statutory scheme" or leads "to an absurd result." The majority's reading does not thwart the purpose, nor does it lead to an absurd result. It does not promote that purpose to the degree the Court thinks the minority reading would advance it, but whether the minority view is the better choice in the face of the statute's plain language is not the test this Court is authorized to apply in these circumstances.

█ Accordingly, the Court finds and concludes that failure of a debtor to timely obtain an extension of the automatic stay pursuant to § 362(c)(3)(B) results in the termination of the stay under § 362(c)(3)(A) as to the debtor only, and not also as to property of the estate.

█ Therefore, the subject vehicle remained property of the bankruptcy estate after termination of the stay against the debtor in accordance with § 362(c)(3)(A). Further, the automatic stay remained in force and effect as to the subject vehicle, and creditor's repossession of the vehicle after the stay terminated only as to the debtor violated the automatic stay. The creditor must for with return the vehicle to the debtor without charge, or fees, or costs associated with the repossession, storage, or return.

IT IS SO ORDERED.