# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

**No. 10-6084**

———

| | | |
|---|---|---|
| In re: Wanda Ann Bates, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Wanda Ann Bates, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Western |
| Debtor – Appellant, | * | District of Missouri |
| | * | |
| v. | * | |
| | * | |
| BAC Home Loans, formerly known | * | |
| as Countrywide Home Loans, | * | |
| | * | |
| Creditor – Appellee. | * | |

———

Submitted: February 23, 2011
Filed: March 23, 2011

———

Before KRESSEL, Chief Judge, SALADINO and NAIL, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

Wanda Ann Bates appeals from the bankruptcy court's[1] order denying her motion for reconsideration of an order in which the court had vacated an order that granted the debtor's motion to cancel a foreclosure sale. We affirm.

BACKGROUND

Wanda Bates filed a chapter 13 petition on July 21, 2008. Her case was dismissed on June 15, 2009 for failure to make plan payments. She filed a chapter 7 petition on July 10, 2009 and received a discharge on October 26, 2009. She filed a chapter 13 petition on December 31, 2009. On January 21, 2010, that case was dismissed for failure to file all required documents including complete schedules. On January 22, 2010, the court vacated the dismissal and reinstated the case, but on March 11, 2010 the court again dismissed the case, this time for failure to list her previous bankruptcy filing on her petition. Bates filed yet another chapter 13 petition on May 20, 2010. She listed her first two bankruptcy filings, but did not mention the December 31, 2009 case.

On May 28, 2010, she filed a motion to "extend [the automatic] stay pursuant to 11 U.S.C. § 362." Although no statutory basis is cited, she stated that the stay should be extended because her December 2009 chapter 13 case was dismissed for failure to list her prior bankruptcy, she had been unrepresented by counsel and had not known how to cure the defects, she now had obtained counsel, she now could make the chapter 13 payments, the current case was in good faith, and only one bankruptcy petition had been filed within a year of filing the case. She did not mention the July 6, 2009 filing.

BAC Home Loans filed a response to the debtor's motion, and argued that under 11 U.S.C. § 362(d)(4), the automatic stay was not in effect in her case because she had several cases pending over the course of the year preceding the May 20, 2010 filing. The court denied Bates' motion in a docket order on June 8,

---

[1] The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

2

2010. Bates did not appeal. On June 25, 2010, BAC filed a request for an order determining that there was no stay in effect pursuant to § 362(c)(4). Bates did not file a response. A docket order so determining was entered on June 28, 2010.

Four months later, on October 28, 2010, Bates filed a motion "to cancel the foreclosure sale and for determination as to the automatic stay pursuant to 11 U.S.C. § 362." Bates stated that there was a foreclosure sale was pending. Relying on a case from the Bankruptcy Appellate Panel for the Tenth Circuit she argued that under §362(c)(3), the stay was still in effect as to property of the estate, even if it was not in effect as to the debtor. *Holcomb v. Hardeman (In re Holcomb)*, 380 B.R. 813 (B.A.P. 10th Cir. 2008). She requested an expedited hearing, which the court granted. On November 1, 2010, the court issued a docket order granting Bates' motion to cancel the foreclosure sale and further ordering that the automatic stay was still in effect as to property of the estate.

Then on November 3, 2010, the court issued a docket order as follows:

> Order of the Court, sua sponte, setting aside the Court's Order entered on November 1, 2010, granting the Debtor's motion to cancel the foreclosure sale scheduled on the Debtor's real property on November 5, 2010. On June 28, 2010, Judge Dow of this Court entered an Order that the automatic stay was not in effect in this case pursuant to Section 362(c)(4)(A)(i) because this case is the Debtor's fourth bankruptcy filing within one year. Therefore, the Debtor was not entitled to the relief requested in her motion to cancel the foreclosure sale and the motion is hereby DENIED, and the creditor is free to proceed with the foreclosure without obtaining relief from the automatic stay.

On November 5, 2010, Bates filed a motion for "reconsideration" of the November 3 order. The court denied that motion in a docket order on November 8, 2010, which stated, "The Motion is denied for the reasons set out in the Court's Order of 11/03/2010. Debtor's counsel continues to ignore Judge Dow's Order of 6/28/2010 holding that there is no automatic stay in this case pursuant to Section

3

362(c)(4)(A)(i) of the Bankruptcy Code because of the Debtor's repeated bankruptcy filings. The creditor does not need to obtain relief from the stay to proceed with a foreclosure because there is NO STAY in effect in this case." On November 8, 2010, Bates filed a notice of appeal from the November 8 order denying her motion for reconsideration, but did not appeal from the November 3 order denying her original motion.

On November 23, 2010, Bates filed a motion to stay the November 3, 2010 order pending appeal. On November 24, 2010, BAC filed a motion seeking relief from the automatic stay to continue foreclosure proceedings. On November 30, 2010, the bankruptcy court granted a stay pending appeal. Bates argues on appeal that "although the automatic stay was terminated due to the order denying the motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4), when a debtor has had two (2) or more cases dismissed within the year prior to the filing of the current case it remains in effect with regard to property of the estate under 11 U.S.C. § 362(c)(1)."[2]

## STANDARD OF REVIEW

We review the bankruptcy court's denial of a motion for reconsideration for an abuse of discretion. *United States v. Gurley*, 434 F.3d 1064, 1069 (8th Cir. 2006) (denial of motion for reconsideration is reviewed for abuse of discretion, and reconsideration should only be granted for cause); *Arleaux v. Arleaux (In re Arleaux)*, 229 B.R. 182, 184 (B.A.P. 8th Cir. 1999) ("The bankruptcy court's denial of a 'motion to reconsider' is reviewed for an abuse of discretion.").

---

[2] We note that the debtor has misstated the procedural history. She never made a motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4). Rather, her May 28, 2010 motion was to "extend" the automatic stay. Furthermore, the court's June 28, 2010 order granted BAC's motion for declaratory relief that there was no stay in effect; it did not "terminate" the stay. 11 U.S.C. § 362(4)(A)(ii) ("on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect"). The debtor never appealed either of those orders.

DISCUSSION

When interpreting a statute, the inquiry begins with the language itself and when that language is unambiguous, "judicial inquiry is complete" unless there are exceptional circumstances. *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). 11 U.S.C. § 362(c)(4) provides in relevant part:

> (c) [. . .] (4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

11 U.S.C.A. § 362(c)(4)(A)(i)-(ii). The debtor acknowledges that she has had two prior cases dismissed within the year preceding the filing of her current chapter 13 bankruptcy case. Although she concedes that § 362(c)(4) applies in her case, she argues that it must be read together with § 363(c)(3) to mean that "the terms of the automatic stay are terminated 'with respect to the debtor,' [and] 'property of the debtor,' but not with regard to 'property of the estate.'" As a result, she believes that BAC must obtain relief from the automatic stay prior to foreclosing on her home.

We recognize a split of authority regarding which part of the automatic stay terminates after thirty days pursuant to § 362(c)(3), and that many courts have found its language to be ambiguous. *See, e.g., In re Alvarez,* 432 B.R. 839 (Bankr. S.D. Cal. 2010) (comparing majority and minority approaches); *In re Paschal*, 337 B.R. 274, 277 (Bankr. E.D. N.C. 2006) ("In an Act in which head-scratching opportunities abound for both attorneys and judges alike, § 362(c)(3)(A) stands out. [. . .] The language of the statute is susceptible to conflicting interpretations, and if read literally, would apply to virtually no cases at all. In sum, it's a

puzzler."); *In re Charles*, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005) (noting that § 362(c)(3) is "at best, particularly difficult to parse and, at worst, virtually incoherent."). However, we do not need to reach that issue because, as the debtor concedes, § 362(c)(4)(A)(i) is the applicable provision, and we find it unambiguous.

The debtor has not provided any cases that support her contention that § 362(c)(4)(A)(i) should be interpreted to mean that "the terms of the automatic stay are terminated 'with respect to the debtor,' [and] 'property of the debtor,' but not with regard to 'property of the estate.'" Many courts have concluded that § 362(c)(4)(A)(i) is unambiguous, and as far as we can tell, courts have universally held that under § 362(c)(4)(A)(i), where a debtor has filed a third bankruptcy case in a one-year period, the automatic stay never goes into effect. *See, e.g., Holcomb*, 380 B.R. at 816 ("These courts reason that if Congress meant to terminate the stay in its entirety, it would have done so in plain language as it did in § 362(c)(4)(A)(i)."); *In re Jumpp*, 356 B.R. 789, 795 (B.A.P. 1st Cir. 2006) ("With respect to debtors with two or more prior cases, section 362(c)(4)(A)(i) clearly provides that 'the stay under subsection (a) shall not go into effect upon the filing of the later case.'"); *In re Benefield*, 438 B.R. 706, 709 (Bankr. D. N.M. 2010) ("In this case, the stay never came into effect due to the two previous cases dismissed within a year of the filing of this case. Section 362(c)(4)(A)(i) is unambiguous on this issue."); *In re Curry*, 362 B.R. 394, 399 (Bankr. N.D. Ill. 2007) ("Section 362(c)(4)(A)(i) thereby provides in no uncertain terms that the automatic stay does not come into effect at all upon the filing of a debtor's third bankruptcy case within a one year period."); *In re Murray*, 350 B.R. 408, 413 (Bankr. S.D. Ohio 2006) ("It must be recognized that the plain meaning of the text 'the stay under subsection (a) shall not go into effect upon the filing of the later case' results in a determination that the automatic stay is not in effect in this case."); *Whitaker v. Baxter (In re Whitaker)*, 341 B.R. 336, 342 (Bankr. S.D. Ga. 2006) ("For [filers of two or more previous petitions], the stay does not go into effect automatically.").

The debtor's arguments are nearly identical to the arguments advanced unsuccessfully by the debtors in *Nelson*. *Nelson v. George Wong Pension Trust (In re Nelson)*, 391 B.R. 437 (B.A.P. 9th Cir. 2008). In *Nelson*, the debtors did not dispute that they had previously had two bankruptcy cases pending and dismissed within the year before their third bankruptcy case. *Id*. at 446. They argued that § 362(c)(4)(A)(i) was ambiguous because of its placement near § 362(c)(3)(A), and that the automatic stay was in effect as to property of the estate but not property of the debtor, so that the foreclosure sale of their home violated the automatic stay. *Id*. The court rejected their arguments.

The 9th Circuit BAP noted that not only is the language of § 362(c)(4)(A)(i) facially unambiguous, but also that the debtors' interpretation conflicts with the plain language: "To accept [the debtors'] position, a reader must somehow convert the phrase in § 362(c)(4)(A)(i) providing that the § 362(a) automatic stay 'shall not go into effect' to one providing that 'the stay arises and is in effect, but may be terminated.'" *Nelson* at 448. Second, "even if § 362(c)(3)(A) does distinguish between stays against the debtor and property of the estate, we cannot simply import an interpretation of § 362(c)(3) into (c)(4). To do so would violate a basic principle of statutory interpretation, which advises that when Congress uses particular language in one place in a statute, and does not use that language in another place, the omission should be deemed intentional." *Id*. The *Nelson* court also rejected the debtors' policy arguments: "Congress could, and did, intend the consequences of repeat filings to be different, and potentially more severe, as the number of successive filings increases." *Id*. at 452. The court noted that although some creditors might be harmed by § 362(c)(4), the debtors' argument failed to acknowledge that "under § 362(c)(4)(B), upon the prompt request of the trustee or other interested party, the bankruptcy court may impose a stay against creditor action if the bankruptcy filing was made in good faith." *Id*.

It is clear to us that where a debtor has had two or more cases pending within the previous year that were dismissed, and neither was a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the automatic

stay under § 362(a) never goes into effect. No exception is made for property of the estate. The debtor's arguments about whether the stay was "terminated" as to the debtor or the debtor's property are therefore misplaced because no stay ever went into effect in this case. We conclude that the bankruptcy court did not abuse its discretion in denying the debtor's motion for reconsideration.

## CONCLUSION

Because we find that the bankruptcy court did not abuse its discretion in denying the debtor's motion for reconsideration, we affirm.

_____