LaShonda A. Hunt, United States Bankruptcy Judge
At issue here is the scope of the termination of the automatic stay under 11 U.S.C. § 362(c)(3). Debtors, Harold and Lorraine Wade, assert that stay termination is limited to property of the debtors only , and, as such, creditor Kreisler Law P.C. ("Kreisler") should be sanctioned under § 362(k) for obtaining and recording a post-petition state court judgment against their personal residence. Kreisler, on the other hand, contends that the stay terminated as to property of the debtors and property of the estate, and, accordingly, seeks an order confirming the same pursuant to § 362(j). Bankruptcy courts are equally divided on this issue and the applicable statutory provision is subject to various interpretations. Nevertheless, for the reasons that follow, this court agrees with rulings from this district and others, holding that the stay termination applies to debtors personally as well as both their estate and non-estate property.
Background
The relevant facts are largely undisputed. Debtors had a prior joint Chapter 13 case, 13bk36999, that was voluntarily dismissed on November 20, 2014. Debtors subsequently filed this Chapter 13 petition on January 15, 2015, listing Kreisler as a creditor and identifying two service addresses on Armitage Avenue and Milwaukee Avenue in Chicago, Illinois, for notice purposes. Because the 2013 case had been dismissed within a year of the new filing, pursuant to 11 U.S.C. § 362(c)(3), the automatic stay in this case would terminate after 30 days, unless Debtors sought and obtained an extension prior to that expiration date. Debtors timely filed a motion to extend the stay but noticed the hearing for a day on which the assigned judge was not sitting; therefore, it was stricken from the call. Debtors did not re-notice the motion, and the automatic stay under § 362(a) terminated on February 14, 2015.
About two months later, in April 2015, Kreisler obtained and immediately recorded a state court judgment for nearly $30,000, on a pre-petition debt owed by one of the Debtors. Kreisler claims they were not aware of the 2015 bankruptcy filing until October 2017, when Debtors' real estate agent reached out after preparing to sell the property and discovering the judgment lien on the title. Kreisler concedes that the Milwaukee Avenue address on the creditor mailing matrix is accurate and that they received notice of the 2013 case dismissal in November 2014. Debtors further point out that the bankruptcy docket in this case reflects that their petition, proposed plan, motion to extend the automatic stay, and court-generated notices were all mailed to Kreisler at the Milwaukee Avenue address within the first few weeks of tiling of this case.[1]
*675 Kreisler initially agreed to vacate the post-petition judgment. But after further review, they concluded that the stay had actually terminated pre-judgment and their ensuing actions were proper. Debtors sought sanctions against Kreisler for violating the automatic stay. In response, Kreisler moved to confirm that the automatic stay had, in fact, terminated on February 14, 2015. Debtors filed a response to Kreisler's motion, contending that since the stay remained intact as to property of the estate. Kreisler was prohibited from pursuing any collection activity against their home. Furthermore, Debtors asserted that Kreisler had an affirmative duty to stay and/or dismiss the state court proceedings in light of the bankruptcy case. Although the court afforded Kreisler an opportunity to file a reply brief addressing these arguments, they did not do so.
Kreisler was apparently relying on representations in their earlier-filed motion to confirm, that during the 30-day period of the automatic stay, no action had been taken in state court against the Debtors. However, the court noticed that the public docket in the state court proceeding indicated a prove-up hearing had been set for February 10, 2015 (during the initial stay period), and continued to February 24, 2015. Upon further questioning on this point at a hearing on June 4, 201 8, counsel for Kreisler indicated that she had reviewed the state court file and did not believe that they requested the continuance. In any event, the state court docket reflects that the actual prove-up hearing, judgment and collection activities all occurred after February 14, 2015.
Discussion
The termination of stay provision in the Bankruptcy Code provides that:
(3) [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)-
(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case ....
11 U.S.C. 362(c)(3)(A) (emphasis added). The operative phrase which has caused a divide courts is the phrase "with respect to the debtor."
The majority view interprets the phrase to mean that once the 30-day period lapses, the automatic stay only terminates with respect to non-estate property of the debtor, and remains in effect for property of the estate. See e.g., In re Holcomb, 380 B.R. 813 (B.A.P. 10th Cir. 2008) ; In re Jumpp, 356 B.R. 789 (B.A.P. 1st Cir. 2006) ; In re Roach , 555 B.R. 840 (Bankr. M.D. Ala. 2016) ; In re Scott-Hood, 473 B.R. 133 (Bankr. W.D. Tex. 2012) ; In re Rinard, 451 B.R. 12 (C.D. Cal. 2011) ; In re Jones, 339 B.R. 360 (Bankr. E.D.N.C. 2006). Other courts, including some in this district, have determined that the stay terminates as to all of the debtor's property, whether or not it is part of the bankruptcy estate. See, e.g., In re Reswick, 446 B.R. 362 (B.A.P. 9th Cir. 2011) ; In re Smith, 573 B.R. 298 (Bankr. D. Maine 2017) ; In re Bender, 562 B.R. 578 (E.D. N.Y. 2016) ; In re Furlong, 426 B.R. 303 (Bankr. C.D. Ill. 2010) ; In re Daniel, 404 B.R. 318 (Bankr. N.D. Ill. 2009) ; In re Curry, 362 B.R. 394 (Bankr. N.D. Ill. 2007). Debtors urge this court to follow the majority viewpoint but after reviewing the arguments on both *676 sides, the court finds the reasoning and statutory analysis adopted by the "minority," as set forth by Judge Wedoff in In re Daniel, supra, more persuasive and consistent with Congressional intent.
In re Daniel dissects the various interpretations of the text. First, the phrase "with respect to the debtor" could mean that the stay terminates as to the debtor personally, while all of the debtor's property, both estate and non-estate, remains protected. 404 B.R. at 321-22. In other words, the stay would be terminated as to in personam collection actions, but not in rem collection actions. Id. at 322. However, Judge Wedoff rejected that notion, citing the fact that the statute also contains the phrase "with respect to a debtor or property securing such debt," and reading that to mean the stay must necessarily terminate as to some actions against property. Id.
A related approach involves treating the stay as terminating with regard to debtor and non-estate property. Id. at 323. Courts that favor this interpretation find this is the "plain meaning" of the statute, and most faithful to the bankruptcy policy of "obtaining a maximum and equitable distribution for creditors." Holcomb, 380 B.R. at 816. Those decisions point to language in § 362(a), which enumerates the actions subject to the stay, to show that when property of the estate is at issue, the word "estate" is specifically used. Jumpp, 356 B.R. at 794. While this is true, § 362(a) also specifically includes the phrases "against the debtor" and "against property of the debtor," neither of which are used in § 362(c)(3)(A). In fact, § 362(c)(3)(A) provides the only mention of the phrase "with respect to the debtor" contained in the section. Judge Wedoff points to this distinction as the reason the "estate-property" interpretation is untenable. Because the automatic stay applies to actions "against the debtor," "against property of the debtor," and "against property of the estate," there is no logical reason to read the phrase "with respect to the debtor" as applying to only two out of the three categories. Daniel, 404 B.R. at 323-24. Put another way,
[S]ection 362(c)(3)(A) terminates the stay under subsection (a). In general, the stay under subsection (a) halts three kinds of acts: those directed against the debtor personally, 11 U.S.C. § 362(a)(1), (2), (6) ; those directed against property of the estate, 11 U.S.C. § 362(a)(2), (3), (4) ; and those directed against property of the debtor, 11 U.S.C. § 362(a)(5). A reference to the entirety of 'the stay under subsection (a)' would seem to extend to all types of acts covered by the stay. Likewise, a termination of the 'stay under subsection (a)' would seem to leave no part of the stay in place.
Smith, 573 B.R. at 302.
Next, courts also compare the language used in § 362(c)(3)(A) to § 362(c)(4)(A)(i), since both provisions address the automatic "stay under subsection (a)" for repeat filers. See, e.g., In re Paschal, 337 B.R. 274, 278-79 (Bankr. E.D.N.C. 2006). Subsection 362(c)(3)(A), which applies to debtors with one prior case dismissed within a year of filing, terminates the stay "with respect to the debtor," while subsection 362(c)(4)(A)(i), which applies to debtors with two or more prior cases dismissed within a year of filing, provides that "no stay shall go into effect upon the filing of the later case." That suggests the stay terminating under § 362(c)(3)(A) must be more narrow; otherwise Congress would have used the same language in each subsection. Paschal, 337 B.R. at 278-79. But that interpretation, according to Judge Wedoff, would render § 362(c)(3)(B), permitting parties in interest to seek an order extending the automatic stay, almost *677 meaningless. Daniel, 404 B.R. at 323. The trustee and creditors of the estate would never have a reason to seek an extension of the stay, as there would be no incentive to protect the debtor from personal liability or collection actions against non-estate property. Id . Accord Keswick , 446 B.R. at 369 ("Property of the estate would have to be subject to the stay termination for any party other than the debtor to have sufficient reason to file the motion.").
Judge Wedoff also considered the argument that the statute may be interpreted to exclude no property whatsoever from termination of the stay, a reading that would allow any action against a piece of property securing a debt to proceed, and give meaning to an extension of the stay. Id. at 324-25. It also would not improperly distinguish between the three types of actions described previously. Id. at 325. But that position was rejected as well, since it renders the phrase "with respect to the debtor" superfluous. Id.
Where Daniel ultimately lands is on the "spousal-exclusion" interpretation, finding that the stay is terminated for all collection actions, but only towards a debtor or debtors who are subject to the termination. Id. at 326. In cases where one spouse had one or more prior bankruptcies, but the other spouse had none, "the phrase 'with respect to a debtor' can be read as referring to the serially-filing spouse, making that debtor subject to collection actions, both in personam and in rem (against estate and non-estate property) while leaving the stay completely in effect as to the newly-filing spouse's person and property." Id. As another court concluded, "[r]eading 'with respect to the debtor' ... as distinguishing between a debtor and the debtor's spouse is entirely consistent with references to 'a single or joint case' at the beginning of section 362(c)(3)." Reswick , 446 B.R. at 370. This court also concurs that such a reading best gives meaning to each phrase in the statute, without making unsupported distinctions or surplusage. Accord Reswick , 446 B.R. at 370 ("the phrase 'with respect to the debtor' logically refers to whom (i.e. the serial filing spouse) termination of the automatic stay applies under section 362(c)(3)(A), not to which property the termination applies....") (emphasis in original).[2]
Similarly, in Curry , Judge Schmetterer points out that the "spousal-exclusion" interpretation is supported by the legislative history of the provision. 362 B.R. at 401-02. A House Report created at the time of the 2005 amendments discussed provisions aimed at combating abuse of the bankruptcy process. H.R. Rep. No. 109-31(1), at 69-70. It states that "[s]ection 302 of the Act amends section 362(c) of the Bankruptcy Codeto terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period." Id. at 69 (emphasis added). The phrase "to terminate the automatic stay" as used in this report is *678 unqualified, and seemingly refers to all collection actions as enumerated in 11 U.S.C. § 362(a). That reading gives meaning to Congress' intent to prevent bad faith filings. In sum, if the stay terminates as to the debtor personally and non-estate property only, the subsection has no "teeth." Compare Bender, 562 B.R. at 580 ("In the case of a two time repeat filing, rather than requiring the secured creditor to seek relief under § 362(d) the burden shifts to the debtor to affirmatively seek to impose the stay under § 363(c)(3)(B), or the stay will be lifted on the 30th day by operation of law as to real property foreclosures, evictions and other actions against secured collateral.").
Accordingly, the court finds that Kreisler properly pursued collection efforts against Debtors and their property of the estate after the automatic stay terminated on February 14, 2015. With respect to the 30-days when the automatic stay was in effect, the court likewise concludes that sanctions against Kreisler are not warranted here. The court agrees with Debtors that knowledge of this bankruptcy case should be imputed to Kreisler. There is no logical reason why they would receive notices at the Milwaukee Avenue address in the prior case but not this one filed only a few months later. Nevertheless, Debtors have not presented any evidence of wrongdoing by Kreisler during the stay. Creditors have no affirmative duty to dismiss a pending pre-petition collection action whenever a bankruptcy case is filed. See In re Tires N Tracks, Inc., 498 B.R. 201, 205 (Bankr. N.D. Ill. 2013). They should certainly inform that court or tribunal of the automatic stay and avoid further collection or enforcement activity against the debtor. But the mere fact that the action remains pending does not necessarily constitute "a commencement or continuation of a judicial proceeding in violation of Section 362(a)(1)." In re Kuzniewski, 508 B.R. 678, 687 (Bankr. N.D. Ill. 2014).
It is not entirely clear what happened at the court hearing on February 10, 2015-when Debtors were protected by the automatic stay-but it is undisputed that the status quo was maintained until after the stay terminated. Assuming Debtors were properly served with notice of the post-petition state court proceedings (and the court has no reason to think otherwise), they could have reached out to Kreisler (or asked their bankruptcy counsel to do so), or appeared in state court to advise of the bankruptcy filing, and potentially avoided this unfortunate situation. Indeed, the state court action did not proceed to a default judgment and recording until April 2015-months later. But nothing here suggests that while the stay was intact, Debtors were negatively impacted. There may be instances "where a creditor has set a process in motion pre-petition that will have the continuing effect of collecting a debt until terminated by such creditor" and, consequently, "failure to act can constitute a violation of the stay." Id. The facts presented in this case do not support that finding, though.
Conclusion
Creditor Kreisler Law P.C.'s motion to confirm the termination or absence of the automatic stay is GRANTED. The automatic stay terminated on February 14, 2015. Debtors' Harold and Lorraine Wade's motion for sanctions is DENIED.

The court takes judicial notice of the case docket and pleadings and papers filed, including notices sent to creditors by the Clerk of the Court. See Inskeep v. Grosso (In re Fin. Partners), 116 B.R. 629, 635 (Bankr. N.D. Ill.1989).

Another equally plausible and persuasive approach rejects this reading as well but reaches the same result as the court does here. See Bender , 562 B.R. 580 ("The interpretation of § 362(c)(3)(A) that is most consistent with the principles of statutory analysis that should not focus, as the majority and minority do, on 'property of the debtor' or 'property of the estate', neither of which phrases are used in the statute.... The focus of this Court's analysis is on specific actions with respect to specific property , not the broader categories of property of the estate or property of the debtor. In other words, the stay is lifted 'with respect to a debt or property' securing such debt' and with respect to leases-regardless of whether the property or the lease is property of the estate or property of the debtor.) (emphasis in original)