# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2019

Lyle W. Cayce
Clerk

No. 19-50598
Summary Calendar

SHARON D. ROSE,

     Plaintiff–Appellant,

v.

SELECT PORTFOLIO SERVICING, INCORPORATED; US BANCORP,

     Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:

The case is about a foreclosure. Plaintiff ShaRon Rose (Rose) sued Select Portfolio Servicing, Inc. (SPS) and US Bank, N.A. (US Bank) (collectively Defendants), asserting a claim to quiet title and separately seeking a declaratory judgment that the statute of limitations had expired on Defendants' power to foreclose on certain real property. The Defendants counterclaimed for judicial foreclosure, relying on various tolling concepts. The district court denied Rose's motion for summary judgment, granted the Defendants' motion for summary judgment, and entered a Final Judgment and Order of Foreclosure. Rose now appeals, challenging the district court's

No. 19-50598

determination that the statute of limitations had not run on the Defendants' counterclaim for judicial foreclosure. We affirm.

**I**

In 2005, Rose and her then-husband purchased property with a purchase-money mortgage. The mortgage was eventually assigned to US Bank, with SPS servicing the loan. In 2010, Rose and her husband divorced. Rose's husband was awarded the home, subject to a lien that required him to convey the home to Rose in the event of default. The record indicates that no payment has been made on the loan since March 1, 2011. Although the property was not conveyed to Rose until 2016, she has been actively involved in litigation concerning foreclosure of the property since early 2014.

On October 1, 2013, Defendants sent Rose a Notice of Default regarding the loan and her property. Then, on March 26, 2014, Defendants sent Rose a Notice of Acceleration regarding the loan and property, setting a May 6, 2014 foreclosure sale. On May 5, 2014, Rose sued in Texas state court, asserting various claims relating to the pending foreclosure sale and requesting a TRO. The state court granted the TRO that same day, blocking the May 6th foreclosure sale. After the TRO expired, the Defendants removed the case to federal court. The case was then dismissed with prejudice by stipulation of the parties.

On June 2, 2015, the Defendants sent Rose a second Notice of Acceleration, setting a July 7, 2015 foreclosure sale. On January 4, 2016, Rose filed her first bankruptcy petition. The matter was dismissed on January 28, 2016 because Rose failed to file timely a "Plan and/or Schedules." Over the course of the next three years, the Defendants sent three additional Notices of Acceleration, each setting a new date for the foreclosure sale. Each time, Rose filed for bankruptcy protection just days before the scheduled sale, thwarting Defendants' attempts to foreclosure. According to the parties, the four

2

No. 19-50598

bankruptcy proceedings were pending for at least 269 days.

Before her last bankruptcy matter was dismissed, Rose sued to quiet title in state court, claiming that the statute of limitations had expired on Defendants' power to foreclose. Defendants removed under diversity jurisdiction. Then, on September 21, 2018, Defendants counterclaimed for judicial foreclosure. Both parties moved for summary judgment. The district court denied Rose's motion and granted the Defendants' motion, adopting the magistrate judge's report and recommendation that the statute of limitations had not expired on Defendants' power to foreclose. The district court then entered a Final Judgment and Order of Foreclosure in favor of the defendants. Rose appeals the Report and Recommendation, the Order on the Report and Recommendation of the United States Magistrate Judge, and the Final Judgment and Order of Foreclosure.

## II

This court reviews a grant of summary judgment de novo.[1] A grant of summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "The evidence and all inferences must be viewed in the light most favorable to the non-movant."[3]

## III

Rose's appeal hinges on whether the statute of limitations expired on the Defendants' power to foreclose on her property. Whether the statute of limitations expired turns on the length of Rose's bankruptcy stays. According

---

[1] *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282 (5th Cir. 2019) (quoting *DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 490 (5th Cir. 2018)).

[2] FED. R. CIV. P. 56(a).

[3] *Germain v. US Bank Nat'l Ass'n as Tr. for Morgan Stanley Mortgage Loan Tr. 2006-7*, 920 F.3d 269, 272 (5th Cir. 2019) (citing *FDIC v. Dawson*, 4 F.3d 1303, 1306 (5th Cir. 1993)).

No. 19-50598

to Rose, her status as a repeat filer under the bankruptcy code curtails the stays in this case to 135 days. Under that calculation, the Defendants' claim would be barred. She argues that the district court erred in concluding otherwise.

Under Texas Civil Practice and Remedies Code § 16.035(a), "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."[4] Similarly, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues."[5] After four years from accrual, "the real property lien and a power of sale to enforce the real property lien become void."[6]

Texas common law tolls the statute of limitations during a bankruptcy stay.[7] The federal Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), however, limits the automatic stay for debtors who have filed for bankruptcy within the past year. Specifically, 11 U.S.C. § 362(c)(3)(A) provides:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under Chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than Chapter 7 after dismissal under section 707(b)—
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on

---

[4] TEX. CIV. PRAC. & REM. CODE § 16.035(a).

[5] TEX. CIV. PRAC. & REM. CODE § 16.035(b).

[6] TEX. CIV. PRAC. & REM. CODE § 16.035(d).

[7] *See HSBC Bank USA, N.A., as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 204-205 (5th Cir. 2018) (discussing the Texas common law tolling principle); *see also Peterson v. Tex. Commerce Bank-Austin, Nat'l Ass'n*, 844 S.W.2d 291, 293-94 (Tex. App. 1992) (same).

4

No. 19-50598

the 30th day after the filing of the later case . . . .

Courts are divided on the proper interpretation of § 362(c)(3)(A) and the import of the phrase "with respect to the debtor."[8]  The Fifth Circuit has not addressed the issue.  The majority view, adopted by three bankruptcy courts in this circuit,[9] interprets the provision to terminate the stay as to actions against the debtor but not as to actions against the bankruptcy estate.[10]  According to the majority, the plain meaning of the provision dictates such an interpretation.[11]  The minority view, adopted by the First Circuit as a matter of first impression in the courts of appeals, "reads the provision to terminate the whole stay."[12]  According to the minority, the provision is ambiguous; therefore, congressional intent is determinative.[13]  After reviewing the legislative history surrounding the provision and the BAPCPA, the minority conclude that Congress intended the provision to terminate the stay in its entirety.[14]

We adopt the majority position, which has already been applied in the district where Rose has repeatedly filed for bankruptcy.[15]  Specifically, after reviewing the plain language of the provision and the context of the provision

---

[8] *See In re Smith*, 910 F.3d 576, 581 (1st Cir. 2018) (noting the split); *see also Smith v. Me. Bureau of Revenue Servs.*, 590 B.R. 1, 7 n.1, 9 n.3 (D. Me. 2018).

[9] *In re Gautreaux*, No. 14-10226, 2014 WL 4657433, at *1 (Bankr. E.D. La. Sept. 16, 2014); *In re Williford*, No. 13-31738, 2013 WL 3772840, at *2-3 (Bankr. N.D. Tex. July 17, 2013); *In re Scott–Hood*, 473 B.R. 133, 136-40 (Bankr. W.D. Tex. 2012).

[10] *See, e.g.*, *In re Rinard*, 451 B.R. 12, 18-20 (Bankr. C.D. Cal. 2011).

[11] *See, e.g.*, *In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008) (noting that there is "no ambiguity in the language of the statute"); *In re Williford*, 2013 WL 3772840, at *3 (noting that "the relevant statutory language is clear"); *In re Rinard*, 451 B.R. at 19 (noting that the "plain text of § 362(c)(3)(A) is crystal clear").

[12] *In re Smith*, 910 F.3d at 581; *see also In re Paschal*, 337 B.R. 274, 278-81 (Bankr. E.D.N.C. 2006).

[13] *See, e.g.*, *In re Reswick*, 446 B.R. 362, 371 (B.A.P. 9th Cir. 2011) (resorting to legislative history after determining the language in § 362(c)(3)(A) is ambiguous).

[14] *See, e.g.*, *Smith v. Me. Bureau of Revenue Servs.*, 590 B.R. 1, 9-10 (D. Me. 2018) (discussing how minority view courts examine the legislative history of the BAPCPA).

[15] *See In re Scott–Hood*, 473 B.R. 133, 136-40 (Bankr. W.D. Tex. 2012).

within § 362, we conclude that § 362(c)(3)(A) terminates the stay only with respect to the debtor; it does not terminate the stay with respect to the property of the bankruptcy estate.

We believe the language in § 362(c)(3)(A) is clear. As an initial matter, we note that § 362(c)(3)(A) cannot be read in isolation; it must be read in conjunction with § 362(a), which defines the scope of the automatic stay.[16] As the First Circuit aptly noted in *In re Smith*, § 362(a) "operates as a stay of certain actions in three categories: against the debtor, the debtor's property, and property of the bankruptcy estate."[17] For example, § 362(a)(1) stays actions "against the debtor"; § 362(a)(2) stays "enforcement of a judgment against the debtor or against property of the estate"; and § 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate."[18] After recognizing that § 362(a) operates as a stay as to certain actions in three separate categories, the language in § 362(c)(3)(A) becomes clear. In § 362(c)(3)(A), Congress stated that "the stay under [§ 362(a)] . . . shall terminate *with respect to the debtor*."[19] There is no mention of the bankruptcy estate, and we decline to read in such language.

Moreover, "Congress knew how to terminate the entire stay, and in fact did so in the very next section of the statute."[20] Section 362(c)(4)(A)(i)—which discusses debtors who have had two or more cases pending in the prior year—does not include the limiting language in § 362(c)(3)(A).[21] It merely states that

---

[16] *See* 11 U.S.C. § 362(a).

[17] *In re Smith*, 910 F.3d 576, 580 (1st Cir. 2018) (internal quotation marks omitted).

[18] *See In re Alvarez*, 432 B.R. 839, 842 (Bankr. S.D. Cal. 2010) (quoting *In re Jones*, 330 B.R. 360, 363-64 (Bankr. E.D.N.C. 2006)); 11 U.S.C. § 362(a).

[19] *See* 11 U.S.C. § 362(c)(3)(A) (emphasis added).

[20] *In re Williford*, No. 13-31738, 2013 WL 3772840, at *3 (Bankr. N.D. Tex. July 17, 2013).

[21] *See* 11 U.S.C. § 362(c)(4)(A)(i). In its entirety, § 362(c)(4)(A)(i) provides the following

No. 19-50598

"the stay under subsection (a) shall not go into effect upon the filing of the later case."[22]  Accordingly, for debtors falling under § 362(c)(4)(A)(i), the automatic stay is terminated in its entirety.[23]  In contrast, Congress chose to use a qualifier in § 362(c)(3)(A).  This can only be interpreted as "impl[ying] a limitation upon the scope of the termination of the automatic stay."[24]

Importantly, we are not convinced that this plain meaning interpretation substantially harms creditors.[25]  As one court in this circuit aptly noted,[26] creditors may file a motion for relief under § 362(d) if a debtor is abusing the automatic stay.[27]  The motion must be heard within 30 days, and it will be granted unless the debtor can offer the creditor adequate protection.[28] Therefore, even if the automatic stay remains in effect with respect to the bankruptcy estate—as is the case under our interpretation of § 362(c)(3)(A)— creditors can still obtain judicial relief under § 362(d) if circumstances demand it.

We recognize that several courts have found § 362(c)(3)(A) somewhat ambiguous.[29]  But when read in conjunction with § 362(a) and the other

---

[I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case . . . .

*Id.*

[22] *Id.*

[23] *See, e.g., In re Williford*, No. 13-31738, 2013 WL 3772840, at *3 (Bankr. N.D. Tex. July 17, 2013) (discussing § 362(c)(4)(A)(i)'s language in relation to § 362(c)(3)(A)'s).

[24] *Id.*

[25] *See, e.g., In re Scott–Hood*, 473 B.R. 133, 136 n.3 (Bankr. W.D. Tex. 2012); *but see In re Jupiter*, 344 B.R. 754, 761-62 (Bankr. D.S.C. 2006) (suggesting that the majority's plain meaning interpretation would harm creditors).

[26] *In re Scott–Hood*, 473 B.R. at 136 n.3.

[27] *See* 11 U.S.C. § 362(d).

[28] *Id.*

[29] *See In re Williford*, No. 13-31738, 2013 WL 3772840, at *2 (Bankr. N.D. Tex. July 17, 2013) (collecting cases); *see also In re Baldassaro*, 338 B.R. 178, 182 & n.3 (Bankr. D.N.H.

language in § 362(c), we believe the meaning of the provision is clear. Moreover, we are not unsympathetic to other courts' conclusions that a contrary interpretation may better serve the BAPCPA's policy goals. But in a statutory construction case such as this, we begin with the plain language of the statute.[30] When that language is clear, that is where our inquiry ends.[31] Such is the case here.

## IV

Having determined that § 362(c)(3)(A) does not terminate the automatic stay with respect to property of the bankruptcy estate, we conclude that Texas's statute of limitations does not bar Defendants' claim for judicial foreclosure. Under Texas Civil Practice and Remedies Code § 16.035(a), a suit for foreclosure must be brought within four years from the date the statute of limitations began to accrue.[32] Rose claims that the statute of limitations began to accrue on March 26, 2014, the date the Defendants sent the first Notice of Acceleration. Therefore, absent any tolling, the statute of limitations in this case would have expired on March 26, 2018. U.S. Bank filed its counterclaim for judicial foreclosure 179 days after March 26, 2018. The question, then, is whether the bankruptcy stays in this case tolled the statute of limitations more than 179 days.

The four bankruptcy proceedings in this case lasted at least 269 days. Rose admittedly filed several bankruptcy petitions within one year of each other. However, under the interpretation of § 362(c)(3)(A) of the bankruptcy code that we adopt today, Rose's successive filings did not terminate the action

---

2006) (describing § 362(c)(3) as "poorly written" and "bad work product"); *In re Charles*, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005) (explaining how § 362(c)(3) is "at best, . . . difficult to parse").

[30] *See In re Condor Ins. Ltd.*, 601 F.3d 319, 321 (5th Cir. 2010).

[31] *Id.*

[32] TEX. CIV. PRAC. & REM. CODE § 16.035(a).

with respect to the property of the bankruptcy estate. There is no debate that the property at issue in this case is part of the bankruptcy estate. Therefore, the stay with respect to the property at issue in this case lasted the duration of the bankruptcy proceedings (269 days), and the statute of limitations was tolled for at least the same. Accordingly, because the Defendants' counterclaim for judicial foreclosure was filed within the 269-day tolling period, it is not barred by the statute of limitations. The district court correctly concluded the same.

*    *    *

For these reasons, we AFFIRM the district court's judgment.