# United States Court of Appeals for the Fifth Circuit

No. 20-20129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2021

Lyle W. Cayce
Clerk

THOMAS A. WILLBERN, III,

*Plaintiff—Appellant*,

*versus*

BAYVIEW LOAN SERVICING, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-cv-4363

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Plaintiff-appellant Thomas Willbern filed suit against defendant-appellee Bayview Loan Servicing, LLC, in Harris County, Texas. Mr. Willbern sought a temporary restraining order and a temporary injunction to prevent Bayview from foreclosing on his residence, located at 15302

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20129

Lakeview Drive, Houston, Texas 77040. Bayview removed the case to federal court based on diversity jurisdiction and soon moved for summary judgment. The district court granted Bayview's motion and dismissed Mr. Willbern's suit. For the reasons below, we affirm.

I.

We review the grant of summary judgment *de novo. Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 103 (5th Cir. 2015). Mr. Willbern, and his wife, executed a $300,000.00 promissory note to purchase the Houston residence. After a series of assignments, the note, which was secured by an underlying deed of trust on the residence, was assigned to Bayview in 2017.

But the issues with the loan began back in August 2010 when Chase Home Finance, then owner of the loan, accelerated repayment after Mr. Willbern missed several monthly payments. Chase, however, did not follow through with the acceleration and foreclosure. This failure to foreclose leads Mr. Willbern to argue that the applicable four-year statute of limitations ran and that Bayview cannot now foreclose on the property.

Texas does indeed have a four-year statute of limitations for foreclosure actions. *Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226, 229 (5th Cir. 2019). And under Texas law, notice of intent to accelerate a loan repayment can trigger the start of the four-year window. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 565–67 (Tex. 2001). In order to start the four-year clock, the loan holder must send both a clear and unequivocal notice of intent to accelerate and a notice of acceleration. *Boren*, 807 F.3d at 104 (citing *EMC Mortg. Corp. v. Window Box Association, Inc.*, 264 S.W.3d, 335–36 (Tex. App. 2008)). While Chase sent a notice of intent to accelerate in August 2010 and followed up with a letter from its lawyer demanding full repayment, the record shows that Chase abandoned its 2010 acceleration

efforts before the four-year statute of limitations ran and that it never attempted another acceleration.

A lender may unilaterally abandon acceleration either expressly or impliedly, through conduct inconsistent with a claim to the right. *Boren*, 807 F.3d at 104–06; *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). "The request for payment of less than the full obligation—after initially accelerating the entire obligation—[is] an unequivocal expression of the bank's intent to abandon or waive its initial acceleration." *Martin v. Fannie Mae*, 814 F.3d 315, 318 (5th Cir. 2016). Within the Fifth Circuit, notices seeking less than the total amount due after acceleration show a clear and unequivocal intent to abandon acceleration. *See id.*; *Boren*, 807 F.3d at 105.

The statute of limitations did not run here because on August 29, 2013, Chase attempted to initiate a repayment plan which broke the amount owed into quarterly payments of less than the full amount due. Chase also sent a notice in March 2014 requesting $225,690.26, of the $233,648.92 owed, to bring the account current. Neither Chase nor Bayview sent another notice of intent to accelerate or a notice of acceleration like those Chase sent in 2010. For its part, Bayview attempted to implement a proposed modified repayment plan in April 2018 and took no actions that could cause potential statute of limitations issues. Chase's 2013 proposed repayment plan and its 2014 request for less than the full amount owed evidence an intent to abandon its 2010 acceleration. Consequently, the statute of limitations on Bayview's current foreclosure action did not run.

## II.

Mr. Willbern takes issue with the district court's reliance on business records that were submitted by Bayview but originally created by Chase. He claims they are hearsay and inadmissible under the business records

exception because Bayview's affiant did not have adequate knowledge of the Chase records.

Federal Rule of Evidence 803 allows business records to be admitted if a witness can testify that the records are integrated into a company's records and relied upon in its day-to-day operations. FED. R. EVID. 803(6)(D). This is so even if the documents were originally created by another entity. *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed. Cir. 1999). "There is no requirement that the witness who lays the foundation be the author of the record[s] or be able to personally attest to [their] accuracy." *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990). "Indeed, business records produced by another but integrated into the records of the party offering them are admissible." *Chilmark Fin. Co. v. Spinks Joint Venture*, 87 F.3d 1312, 1312 (5th Cir. 1996) (per curiam).

Ms. Leticia Sanchez, a Bayview employee, averred that she had personal knowledge of the business records, that the records were kept in the usual course of business, that the prior servicer files had been incorporated into Bayview's own records, and that Bayview relies upon their accuracy. That Ms. Sanchez was not a Chase employee does not, by itself, render the records inadmissible. Since there is no evidence that the documents are untrustworthy, Ms. Sanchez's affidavit authenticates the Chase records and makes them admissible. *See, e.g., Crear v. Select Portfolio Servicing Inc.*, 760 F. App'x 291, 295 (5th Cir. 2019) (declaration of current servicer authenticated letters sent by prior servicers). Accordingly, the district court did not abuse its discretion in admitting them. *See Painter v. Suire*, 650 F. App'x 219, 224 (5th Cir. 2016) (noting that evidentiary rulings are reviewed for abuse of discretion).

### III.

Mr. Willbern also filed a supplemental original petition that the district court did not consider because he did not obtain leave to file it. Federal Rule of Civil Procedure 15 requires a party wishing to file an amended complaint or a supplemental petition to seek leave from the court before doing so. FED. R. CIV. P. 15(a) & (d). Mr. Willbern argues that the scheduling order allowed him to amend pleadings up until July 1, 2019, and since he filed the supplemental petition on July 1, 2019, the district court made a reversable error by not considering it.

We disagree. The scheduling order in no way modified Rule 15's requirements that parties must seek permission from the court before filing amended and supplemental pleadings. All it did was ask that amendments be made before July 1, 2019, so that the parties could proceed with discovery in an orderly fashion. Nothing in the scheduling order suggested that the district court would accept supplemental pleadings as a matter of course.

Mr. Willbern also takes issue with the district court's refusal to consider a claim regarding title to the deed of trust. But that claim was included only in the supplemental petition and the response to the motion for summary judgment. It was therefore not properly before the district court.[1] *See, e.g., Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) ("A claim

---

[1] Even if Mr. Willbern were allowed to amend his complaint and argue that title to the deed of trust did not vest with Bayview, it is not clear that he would have standing to challenge the transfer because under Texas law, "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). So, it appears that the party with standing to challenge the assignment would be the party who allegedly lost its interest in the deed of trust, not Mr. Willbern.

No. 20-20129

which is not raised in the complaint but rather, is raised in a response to a motion for summary judgment is not properly before the court.").

IV.

Finally, Mr. Willbern filed a Rule 59(e) motion asking the district court to amend the judgment to a partial summary judgment and leave the unpleaded claim regarding the title to the deed of trust to be resolved. The motion also asked the district court to set aside the judgment in its entirety due to a perceived question of fact related to the abandonment of acceleration and the introduction of Chase's business records.

The district court said that the motion did not contain newly discovered evidence. Since Mr. Willbern did not present new evidence in his motion, and the district court did not consider new evidence, we review the denial of the Rule 59 motion for abuse of discretion. *See Grant v. Harris Cty.*, 794 F. App'x 352, 358 (5th Cir. 2019) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)). A Rule 59(e) motion to amend calls into question the correctness of the judgment and serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The Rule 59(e) standard favors the denial of motions to alter or amend a judgment. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

A Rule 59(e) motion is inappropriate to relitigate old matters or raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008). Here, there were no changes in the law, there was no new evidence introduced, and as discussed above, nothing indicates that the district court made a manifest error of law or fact.

6

No. 20-20129

Therefore, Mr. Willbern failed to show that there was a ruling which the district court should alter or amend.

## V.

The judgment of the district court is AFFIRMED.