# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2026

Lyle W. Cayce
Clerk

No. 25-30410

In the Matter of Tony Frederick Washington,

*Debtor*,

Tony Frederick Washington,

*Appellant*,

*versus*

US Bank National Association; Nationstar Mortgage, L.L.C.; Anthony Ciaccio; US Bank Trust National Association, *as Trustee of* the TIKI SERIES III TRUST, *Originally named as* U.S. Bank National Association,

*Appellees*,

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-2797

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges.*

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30410

Tony Frederick Washington's property was sold in a foreclosure sale. He challenged the foreclosure, arguing that the sale violated the stay issued through his bankruptcy proceeding. The bankruptcy court found that there was no automatic stay in place due to Washington's repeated bankruptcy filings, and it granted the motion to dismiss. The district court affirmed, and Washington appealed. We affirm.

## I

Nationstar Mortgage, LLC, (Nationstar) filed a foreclosure action on Washington's property in 2015. In 2021, U.S. Bank Trust (U.S. Bank) took over the note. Starting in 2015, Washington proceeded to file for bankruptcy six times, and each time his petition was dismissed. He last filed for bankruptcy the morning of May 19, 2022, but the foreclosure sale proceeded as scheduled later that day.

Washington filed suit in the district court, which referred the matter to the bankruptcy court. Washington challenged the foreclosure sale and sought $6 million in damages, arguing that Nationstar, U.S. Bank, and Anthony Ciaccio, who purchased the property, willfully violated a bankruptcy stay. The bankruptcy court granted U.S. Bank's motion to dismiss because under 11 U.S.C. § 362(c)(4)(A)(i), there was no automatic stay in place, and no party moved for a stay under 11 U.S.C. § 362(c)(4)(B). The district court affirmed and denied Washington's subsequent motion for reconsideration. Washington appealed.

## II

"In appeals from the district court's review of bankruptcy court matters, we focus on the bankruptcy court's determinations."[1] "We apply

---

[1] *In re RE Palm Springs II, L.L.C.*, 106 F.4th 406, 411 (5th Cir. 2024).

No. 25-30410

the same standard of review that applied in the district court."[2] We review the bankruptcy court's decision to grant U.S. Bank's motion to dismiss de novo.[3] "Dismissal is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face.'"[4]

Generally, the filing of a bankruptcy petition stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the [bankruptcy filing]" and "any act to obtain possession of property of the estate."[5] But under 11 U.S.C. § 362(c)(4)(A)(i):

> if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, . . . the stay under subsection (a) shall not go into effect upon the filing of the later case.[6]

"Accordingly, for debtors falling under § 362(c)(4)(A)(i), the automatic stay is terminated in its entirety."[7]

Within the previous year, Washington had two bankruptcy actions pending, which were dismissed, when he filed his May 19, 2022 petition. Like the bankruptcy court and district court, we take judicial notice of these

_____

[2] *Id.*

[3] *See Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 963 (5th Cir. 2019) ("We review the district court's grant of a motion to dismiss de novo.").

[4] *Id.* (quoting *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[5] 11 U.S.C. § 362(a)(2)-(3).

[6] 11 U.S.C. § 362(c)(4)(A)(i).

[7] *Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226, 231 (5th Cir. 2019).

filings as matters of public record.[8]  He filed a petition on May 19, 2021, which was dismissed on July 19, 2021, ten months before the relevant action, and he filed a petition on January 5, 2022, which was dismissed on February 10, 2022, three months before the relevant action.  Under 11 U.S.C. § 362(c)(4)(A)(i), therefore, no automatic stay went into effect upon the May 19, 2022 filing that would have prevented the foreclosure sale.

Washington argues that 11 U.S.C. § 362(c)(4)(A)(ii) required the Appellees to seek a court order confirming no stay was in effect before proceeding with the foreclosure sale.  Section 362(c)(4)(A)(ii) provides that "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect."[9]  The plain language of the statute provides that a party may request the bankruptcy court to confirm what (i) already establishes—that no stay is in effect—but it does not require a party to do so.  Washington's case clearly fell under the strictures of § 362(c)(4)(A)(i), and no automatic stay issued.  Since there was no stay for the Appellees to violate, Washington's complaint fails to state a claim upon which relief may be granted.[10]

\* \* \*

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[8] *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

[9] 11 U.S.C. § 362(c)(4)(A)(ii).

[10] *See* 11 U.S.C. § 362(k)(1); *In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008) (outlining the elements for a claim under § 362(k)).